# EXHIBIT A

1

**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)

2

Kiley L. Grombacher, Esq. (SBN 245960)
31365 Oak Crest Drive Suite 240

3

Westlake Village, California 91361
Telephone:     (805) 270-7100

4

Facsimile:      (805) 270-7589

5

E-Mail: mbradley@bradleygrombacher.com
            kgrombacher@bradleygrombacher.com

6

            lking@bradleygrombacher.com

7

**MAJARIAN LAW GROUP APC**
Garen Majarian, Esq. (SBN 334104)

8

Sahag Majarian, II, Esq. (SBN 146621)

9

18250 Ventura Boulevard
Tarzana, California 91356

10

Telephone:  (818) 263-7343
Facsimile:   (818) 609-0892

11

E-Mail: garen@majarianlawgroup.com

12

E-Mail: sahagii@aol.com

13

Attorneys for JOSEPH BELTRAN, an individual, on his
own behalf and on behalf of all others similarly situated.

Electronically FILED by
Superior Court of California,
County of Los Angeles
5/12/2023 3:11 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Jackson Aubry, Deputy Clerk

14

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

15

**LOS ANGELES COUNTY**

16

17

JOSEPH BELTRAN, individually and on behalf
of other individuals similarly situated,

18

19

Plaintiff,

v.

20

SPECIALTY WELDING AND
TURNAROUNDS, LLC, a Louisiana corporation,
and DOES 1-10 inclusive,

21

22

Defendant.

23

24

25

26

27

**CASE NO.** 23STCV10757

**CLASS ACTION COMPLAINT FOR:**

1.  **Failure to Pay all Wages;**

2.  **Failure to Provide Lawful Meal Breaks in Violation of California Labor Code §§ 200, 226.7, 512;**

3.  **Failure to Provide Lawful Rest Breaks in Violation of California Labor Code §§ 200, 226.7, 512;**

4.  **Failure to Reimburse for all Business Expenses in Violation of California Labor Code §2802;**

5.  **Failure to Furnish an Accurate, Itemized Wage Statement upon Payment of Wages in Violation of**

28

1

California Labor Code § 226;

6. **Failure to Provide Sick Pay in Violation of Labor Code Sections 226, 246, 248.6 and 248.7;**

7. **Failure to Pay all Vested and Accrued Vacation Pay in Violation of California Labor Code §227.3;**

8. **Failure to Pay All Wages Owed at Termination in Violation of California Labor Code § 203;**

9. **Violations of California Business & Professions Code §§ 17200, et seq.**

**DEMAND FOR JURY TRIAL**

Plaintiff JOSEPH BELTRAN (hereinafter referred to as "Plaintiff"), hereby submits his Class Action Complaint against Defendants SPECIALTY WELDING AND TURNAROUNDS, LLC, a Louisiana corporation; and Does 1-10 (hereinafter collectively referred to as "Defendants") on behalf of himself and the class of all other similarly situated current and former employees of Defendants as follows:

## INTRODUCTORY FACTUAL ALLEGATIONS

1.     This is a class action arising out of Defendants' failure to provide their non-exempt employees with all wages, compliant meal and rest periods, failing to reimburse business expenses, by failing to provide accurate, itemized wage statements, failure to provide COVID-19 sick time, failure to pay all accrued vacation pay, failure to reimburse employees for all necessary business expenses and failing to pay wages in a timely manner in compliance with the applicable Industrial Welfare Commission ("IWC") wage order and/or the California Labor Code.

2.     Defendant Specialty Welding and Turnarounds is a national provider of technical services to the refining, petrochemical, and biodiesel industrial markets.

3.     At all relevant times, Defendants issued and maintained uniform, standardized scheduling and timekeeping practices and procedures for all non-exempt, hourly paid employees in California, including Plaintiff and others similarly situated, regardless of their location or position.

4. Defendants have maintained practices across its locations which have failed and continue to fail to pay Plaintiff and other non-exempt employees all wages. Specifically, Defendants have a company-wide policy of rounding all hours worked. Rather than paying Plaintiff and other non-exempt employees for all hours they actually worked, Defendants round the hours worked to the nearest quarter hour. Moreover, throughout the Covid-19 pandemic, Defendants did not compensate their employees for COVID-19 sick leave. As a result, Plaintiff and members of the Classes were not paid all wages.

5. Defendants also failed to provide timely meal periods and provide Plaintiff and other non-exempt employees with their lawful meal and rest breaks.

6. Further, Defendants failed to reimburse Plaintiff and other employees for mileage despite requiring employees to travel long distances during their employment.

7. In light of the foregoing, Defendants failed to provide Plaintiff and other non-exempt employees with compliant wage statements, including showing COVID-19 Supplemental Sick Paid Leave ("SSPL") and failed to timely pay wages upon termination or separation from employment.

8. Plaintiff brings Causes of Action One through Nine (the "class claims") as a class action on behalf of himself and other similarly situated individuals who have worked for Defendants in California, at any time from four-years prior to the filing of this complaint, through the resolution of this action. Plaintiff, on his own behalf and on behalf of all Class Members, brings the class claims pursuant to Labor Code sections 200-203, 204, 226, 226.7, 227.3, 5246, 246.3, 510, 512, 516, 1182, 1194, 1197, 1198, 2802, the applicable wage order and under Business & Professions Code sections 17200-17208, for unfair competition due to Defendants' unlawful, unfair and fraudulent business acts and practices.

9. Plaintiff is informed and believes, and based thereon alleges, that Defendants havefg engaged in, among other things a system of willful violations of the Labor Code and the applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

## **PARTIES**

10. Plaintiff, Joseph Beltran is an individual over the age of eighteen (18) and is now,

3

1    and/or at all relevant times mentioned in this Complaint was, a resident and domiciliary of the State

2    of California. During the class period, Plaintiff worked for Defendants in Los Angeles County,

3    California. Plaintiff worked for Defendants from approximately May 2020 through approximately

4    January 19, 2023. Plaintiff worked as a journeyman pipe setter, earning approximately $55 per hour.

5         11.    Plaintiff is informed and believes, and based thereon alleges, that Defendant Specialty

6    Welding and Turnarounds, LLC, is a Louisiana corporation. Plaintiff is further informed and believes

7    that at all times relevant hereto, Defendants have transacted, and continues to transact, business

8    throughout the State of California.

9         12.    Plaintiff is informed and believes, and based upon such information and belief alleges,

10   that Defendants are, now and/or at all times mentioned in this Complaint were in some manner legally

11   responsible for the events, happenings and circumstances alleged in this Complaint.

12        13.    Plaintiff is further informed and believes, and based upon such information and belief

13   alleges, that at all times herein mentioned, Defendants proximately caused Plaintiff, all others

14   similarly situated, and the general public to be subjected to the unlawful practices, wrongs, complaints,

15   injuries and/or damages alleged in this Complaint.

16        14.    Plaintiff is informed and believes and based thereon alleges that at all times herein

17   mentioned Defendant Specialty Welding and Turnarounds, LLC and DOES 1 through 10, are and

18   were corporations, business entities, individuals, and partnerships, licensed to do business and actually

19   doing business in the State of California.

20        15.    Plaintiff does not know the true names or capacities, whether individual, partner or

21   corporate, of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, said

22   Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint

23   when the true names and capacities are known. Plaintiff is informed and believes and based thereon

24   alleges that each of said fictitious Defendants were responsible in some way for the matters alleged

25   herein and proximately caused Plaintiff and members of the general public and class to be subject to

26   the illegal employment practices, wrongs and injuries complained of herein.

27        16.    At all times herein mentioned, each of said Defendants participated in the doing of the

28   acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants,

4

CLASS ACTION COMPLAINT

and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

17.     Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein were the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and were acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

18.     At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

19.     At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

20.     The members of the Classes (as defined below), including the representative Plaintiff named herein, have been employed during the Class Period in California. The practices and policies which are complained of by way of this Complaint are enforced throughout the State of California.

## JURISDICTION AND VENUE

21.     The Court has jurisdiction over this class action pursuant to article 6, section 10 of the California Constitution and Code of Civil Procedure section 410.10.

22.     Additionally, this Court has jurisdiction over Plaintiff's and the Class's claims for injunctive relief, including restitution of earned wages, arising from Defendants' unfair competition under Business & Professions Code section 17203 and 17204. The Court also has jurisdiction over

CLASS ACTION COMPLAINT

1  Plaintiff's and the Class's claims pursuant to the applicable provisions.

2      23.    The Court has jurisdiction over Defendants because they are authorized to do business

3  in the State of California and are registered with the California Secretary of State. Defendants do

4  sufficient business with sufficient minimum contacts in California, and/or otherwise intentionally

5  avails themselves of the California market through the advertising, marketing and sale of goods and

6  services, to render the exercise of jurisdiction over Defendants by the California court consistent with

7  traditional notions of fair play and substantial justice.

8      24.    Venue is proper in Los Angeles because the acts which give rise to this litigation

9  occurred in this county and because Defendants have employed class members in this county and

10  transacts business in this county.

11                              **FACTUAL ALLEGATIONS**

12      25.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

13  ***Defendant's Failure to Pay All Wages***

14      26.    During the Class Period, upon information and belief, Defendants have, and continue

15  to have, a company-wide policy of failing to pay Plaintiff and members of the Classes all wages due.

16  On information and belief, this policy of limiting overtime, led Plaintiff and other non-exempt

17  employees to work off-the-clock and were subject to non-neutral rounding of their time leading to

18  unpaid wages. Further, Defendants failed to provide overtime wages when Plaintiff and members of

19  the Classes were subject to short meal and rest breaks.

20      27.    Defendants knew or should have known that as a result of these company-wide

21  practices and/or policies, Plaintiff and members of the Classes were performing assigned duties off-

22  the-clock and were suffered or permitted to perform work for which they were not paid. Because

23  Plaintiff and members of the Classes worked shifts of eight (8) hours a day or more or forty (40) hours

24  a week or more, some of this off-the-clock work qualified for overtime premium pay. Moreover,

25  Plaintiff and members of the Classes were entitled to overtime pay on shifts where they worked more

26  than eight (8) hours.

27      28.    Further, Defendants maintained a policy whereby it rounded hours worked to the

28  nearest hour, thereby failing to pay for all hours actually worked. Defendants also failed to pay sick

pay and vacation wages at the regular rate of pay.

29.     Thus, Defendants did not pay at least minimum wages for all hours worked by Plaintiff and members of the classes. To the extent that the off-the-clock hours did not qualify for overtime premium payment, Defendants did not pay at least minimum wages for those hours worked off-the-clock.

***Defendants' Failure to Provide Compliant Meal Periods***

30.     As stated above, Defendants had, and continue to have, a company-wide policy of failing to provide Plaintiff and members of the classes from taking all timely meal periods to which they were entitled. As a result, Plaintiff and other non-exempt employees were forced to work more than five (5) hours before taking a meal period. Moreover, upon information and belief, Defendants frowned upon employees accruing meal period penalties.

31.     Plaintiff and members of the Classes did not sign valid meal period waivers on days that they were entitled to meal periods and were not relieved of all duties.

***Defendants' Failure to Provide Compliant Rest Breaks***

32.     During the relevant time period, Defendants regularly failed to authorize and permit Plaintiff and members of the Classes to take a ten (10) minute rest period per each four (4) hour period worked or major fraction thereof.

33.     In addition to these rest breaks being interrupted or missed entirely, Plaintiff and members of the classes were not permitted to take second rest breaks.

***Defendants' Failure to Provide Supplemental COVID-19 Sick Pay and Accrued Sick Pay***

34.     Plaintiff and other class employees failed to get supplemental sick leave for COVID-19 despite California law providing such additional pay be provided and indicated what hours are available and or used.

***Defendants' Failure to Pay Accrued Vacation***

35.     Plaintiff alleges that Defendants failed to pay all accrued vacation compensation for the last pay period.

36.     By way of example, for his final pay Plaintiff was not issued his unused accrued vacation time at the correct regular rate of pay.

7

37.     California Labor Code § 227.3, prohibits employers from forfeiting payment of the vested vacation wages of their employees.

38.     As a matter of uniform corporate policy, procedure and practice Defendants violated California Labor Code § 227.3 by failing to pay Plaintiff and members of the Plaintiff Class all vested vacation wages at the end of their employment. The uniform policy of not paying Plaintiff and the members of the Plaintiff Class all vested vacation wages at the end of their employment resulted in a forfeiture of vested vacation wages in violation of California Labor Code § 227.3.

***Defendants' Failure to Reimburse Business Expenses***

39.     During the relevant time period, Defendants had a company-wide policy of requiring Plaintiff and members of the Class to drive to various locations as much as 80 miles away and were not reimbursed for mileage.

40.     Although Defendants required Plaintiff and members of the Classes to utilize their cars to carry out their job duties, Defendants failed to reimburse them for this cost. Instead, Defendants passed these operating costs off onto Plaintiff and members of the Classes.

***Defendant's Failure to Provide Compliant Wage Statements***

41.     During the relevant time period, Defendants have knowingly and intentionally provided Plaintiff and members of the Classes with uniform, incomplete, and inaccurate wage statements. For example, Defendants issued uniform wage statements to Plaintiff and other non-exempt employees that fail to correctly list: gross wages earned; total hours worked; net wages earned; and all supplemental sick pay leave hours accrued.

42.     Because Defendants did not record the time Plaintiff and members of the Plaintiff Class spent working off-the-clock, rounded hours worked, and failed to pay overtime wages, Defendants did not list the correct amount of gross wages and net wages earned by Plaintiff and members of the classes in compliance with Labor Code sections 226(a)(1) and 226(a)(5), respectively.

43.     For the same reason, Defendants failed to accurately list the total number of hours worked by Plaintiff and members of the classes and failed to list the applicable hourly rates of pay in effect during the pay period and the corresponding accurate number of hours worked at each hourly rate.

44.     Because Defendants failed to provide the correct net and gross wages earned, applicable rates of pay, and number of total hours worked on wage statements, Plaintiff and members of the Classes have been prevented from verifying, solely from information on the wage statements themselves, that they were paid correctly and in full. Instead, Plaintiff and members of the Classes have had to look to sources outside of the wage statements themselves and reconstruct time records to determine whether in fact they were paid correctly and the extent of underpayment, thereby causing them injury.

***Defendants' Failure to Timely Pay Final Wages Upon Termination***

45.     Defendants willfully failed to pay Plaintiff and other non-exempt employees who are no longer employed by Defendants the earned and unpaid wages set forth above, including but not limited to, overtime wages, minimum wages, and/or meal/rest period premiums, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

***Facts Regarding Willfulness***

46.     Plaintiff is informed and believes, and based thereon alleges, that Defendants are and were advised by skilled lawyers, other professionals, employees with human resources background and advisors with knowledge of the requirements of California wage and hour laws and that at all relevant times, Defendants knew or should have known, that the Plaintiff Class Members, including Plaintiff, were entitled to receive one hour of pay at the employee's regular rate of compensation for each day that a meal period was not provided and were and are entitled to received pay for all hours worked, accurate itemized wage statements, and final pay in a timely manner.

***Unfair Business Practices***

47.     Defendants have further engaged in, and continue to engage in, unfair business practices in California by practicing, employing and utilizing the unlawful employment practices and policies outlined above.

48.     As a direct result of the wage and hour violations herein alleged, Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer substantial losses related to the use and enjoyment of wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendants to perform their obligations under state law, all to Plaintiff's and the Plaintiff Class

1  members' respective damage in amounts according to proof at the time of trial.

2  ///

3  ***Plaintiff's Exhaustion of Administrative Remedies***

4  49.   Plaintiff is currently complying with the procedures for bringing suit specified in Labor

5  Code section 2699.3.

6  50.   By letter dated May 12, 2023, required notice was provided to Labor and Workforce

7  Development Agency ("LWDA") and Defendants, of the specific provisions of the Labor Code

8  alleged to have been violated, including the facts and theories to support the alleged violations.

9  51.   This Complaint will be amended when more than sixty-five (65) days have passed

10  since the date the notice was mailed to Defendants and the LWDA, if the LWDA chooses not to

11  investigate the allegations herein.

12  **CLASS ACTION ALLEGATIONS**

13  52.   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

14  53.   Pursuant to Code of Civil Procedure section 382, this action is brought and may be

15  properly maintained as a class action. This action satisfies the ascertainability, numerosity,

16  commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

17  54.   Plaintiff brings this suit as a class action on behalf of two classes of individuals defined

18  as follows (collectively the "Classes"):

19  55.   *Plaintiff Class*: All persons who have been, or currently are, employed by Defendants

20  and who held, or hold, job positions which Defendants has classified as "non-exempt" employees in the

21  State of California, at any time since four years prior to filing this action, through the date judgment is

22  rendered in this action.

23  56.   *Terminated Sub Class:* All members of the Plaintiff Class whose employment ended

24  during the Class Period.

25  57.   *Numerosity:* Plaintiff is informed and believes, and on that basis alleges, that during

26  the class period hundreds of class members have been employed by Defendants as non-exempt

27  employees in the State of California. Because so many persons have been employed by Defendants in

28  this capacity, the members of the Plaintiff Class are so numerous that joinder of all members is

10

CLASS ACTION COMPLAINT

impossible and/or impracticable.

58.     _Common Questions of Law and/or Fact:_ Common questions of law and fact exist as to all members of the Plaintiff Class and predominate over any questions affecting solely individual members of the Plaintiff Class. Among the questions of law and fact, that are relevant to the adjudication of Class Members' claims are as follows:

    a.  Whether Plaintiff and Class Members are subject to and entitled to the benefits of California wage and hour statutes;

    b.  Whether Defendants failed to pay Plaintiff and Class Members for all hours worked;

    c.  Whether Defendants had a standard policy of not providing compliant meal breaks and premiums to Plaintiff and members of the Plaintiff Class;

    d.  Whether Defendants had a standard policy of not providing compliant rest breaks and premiums to Plaintiff and members of the Plaintiff Class;

    e.  Whether Defendants had a standard policy of not providing Plaintiff and members of the Plaintiff Class with supplemental COVID-19 sick pay;

    f.  Failed to pay all vacation pay that was accrued and vested;

    g.  Whether Defendants unlawfully and/or willfully failed to provide Plaintiff and members of the Plaintiff Class with true and proper wage statements upon payment of wages, in violation of Labor Code section 226;

    h.  Whether Defendants unlawfully and/or willingly failed to timely pay Plaintiff and the Terminated Sub Class upon termination;

    i.  Whether Defendants failed to reimburse Plaintiff and members of the Plaintiff Class for business-related expenses;

    j.  Whether Plaintiff and members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief;

    k.  Whether Defendants conduct as alleged herein violates the Unfair Business Practices Act of California (Bus. & Prof. Code, § 17200 et seq.)

59.     _Typicality:_ The claims of the named Plaintiff are typical of the claims of the members

11

of the Plaintiff Class. Defendants' common course of conduct in failing to provide their non-exempt employees with meal periods and all wages in compliance with the applicable wage order, or premium compensation at the regular rate in lieu thereof, failing to provide them with a safe working environment, failing to reimburse them for work related expenses, failing to provide them with compliant wage statements, failing to provide suitable seating, and failure to provide drinking water, has caused Plaintiff and the proposed Class to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the proposed Class. Plaintiff and the proposed Class sustained the same or similar injuries and damages arising from Defendants' common policies, practices, procedures, protocols, routines, and rules which were applied to other Class Members as well as Plaintiff. Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by other members of the proposed class.

60.     *Adequacy of Representation:* Plaintiff is an adequate representative of the proposed classes because he is a member of the class, and his interests do not conflict with the interests of the members he seeks to represent. Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and his counsel intend to prosecute this action vigorously for the benefit of the classes. The interests of the Class Members will fairly and adequately be protected by Plaintiff and his attorneys.

61.     *Superiority of Class Action*: A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable. It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds of individual, repetitive lawsuits. Further, individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims. By contrast, the class action device presents far fewer management difficulties, and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

62.     The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the Code of Civil Procedure section 382 because:

CLASS ACTION COMPLAINT

a.     The prosecution of separate actions by hundreds of individual class members would create a risk or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for Defendants, and

b.     The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.

**FIRST CAUSE OF ACTION**

**Failure to Pay All Wages and Overtime Wages**

**(By Plaintiff and Members of the Putative Class Against All Defendants)**

63.     Plaintiff incorporates herein by reference the allegations set forth above.

64.     At all times relevant herein, which comprise the time period not less than four (4) years preceding the filing of this action, Defendants were required to compensate their hourly employees for all hours worked.

65.     For at least the four (4) years preceding the filing of this action, Defendants failed to compensate employees for all hours worked. Defendants implemented policies that actively prevented employees from being compensated for all time worked by subjecting Plaintiff and members of the Classes to non-neutral rounding policies, as described above. Defendants rounded hours worked to the nearest quarter of an hour and failed to compensate non-exempt employees for all hours worked.

66.     Under the applicable wage order and state regulations, Plaintiff and the Plaintiff Class are entitled to recover compensation for all hours worked, but not paid, for the four (4) years preceding the filing of this action, in addition to reasonable attorney's fees and costs of suit in accordance with Labor Code section 218.5, and penalties pursuant to Labor Code section 206.

67.     The applicable IWC wage order section 2(G) defines "hours worked" to mean "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

68.     Defendants suffered or permitted Plaintiff and members of the Classes to work portions of the day for which Defendants failed to compensate them. This includes time spent under Defendants'

1    control during unlawful meal and rest periods.

2          69.    Labor Code section 1194(a) provides in relevant part: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage … is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage … including interest thereon, reasonable attorney's fees, and costs of suit."

          70.    Labor Code section 1194.2(a) provides in relevant part: "In any action under section 1193.6 or section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

          71.    Labor Code section 1197 provides: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

          72.    Plaintiff is informed and believes, and therefore alleges, that Defendants' compensation schemes do not fairly compensate Plaintiff and other Class Members for all hours spent performing their job duties.

          73.    The failure to pay at least minimum wages to Plaintiff and members of the Plaintiff Class for each and every hour worked violates Labor Code sections 1182.11-1182.12, 1194, 1194.2, and 1197; the applicable IWC wage order section 4; and Business & Professions Code.

          74.    The failure to pay designated wages to Plaintiff and members of the Plaintiff Class for each and every hour worked violates Labor Code section 221 and 223; the applicable IWC wage order; and Business & Professions Code.

          75.    During the applicable time period, Defendants have and continue to have a pattern and practice of not providing its employees all wages, by failing to include all compensable time, including rounded time and time worked off-the-clock.

          76.    As a proximate result of the above-mentioned violations. Plaintiff and the Plaintiff Class have been damaged in an amount according to proof at time of trial.

## SECOND CAUSE OF ACTION

### Non-Compliant Meal Breaks

**(By Plaintiff and Members of the Putative Class Against All Defendants)**

77.     Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

78.     Plaintiff is informed and believes, and thereon alleges, that Plaintiff and the Class Members regularly worked more than five (5) hours per shift and were entitled to a meal period of not less than thirty (30) minutes without duty.

79.     Nevertheless, Plaintiff is informed and believes, and thereon alleges, that Defendants routinely failed to provide Plaintiff and the members of the Classes with such meal periods without duty, notwithstanding the fact that Plaintiff and the members of the Classes had not waived their right to the same. Thus, Defendants failed to provide Plaintiff and the members of the Classes with meal periods required by Labor Code sections 226.7, 512, 516 and the applicable IWC wage order section 11, and categorically failed to pay any and all meal period wages due.

80.     Plaintiff and Class Members seek damages pursuant to Labor Code section 226.7(b) and the applicable IWC wage order, in the amount of one additional hour of pay at the regular rate for each work day that the meal period is/was not provided to Plaintiff and any member of the Classes, the cumulative sum of which is to be determined at trial.

81.     Under the foregoing, California employers must provide meal periods and authorize and permit rest periods to all employees during their shifts. In *Augustus et al. v. ABM Security Services, Inc*. (2016) 2 Cal.5th 257, the California Supreme Court reaffirmed that the required meal and rest periods must be "off-duty," which means that employees must be relieved of "all work-related duties," including the duty to remain "on call," and they must be "free from employer control" over how they "spend their time." *Id*. at 264, 269. Employees must have the freedom to use meal and rest periods for their own purposes. *Id.* at 270; *Brinker Rest. Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1038-39.

82.     When employees must either "remain at the ready and capable of being summoned to action," "respond when the employer seeks contact with [them]," "perform other work if the employer so requests," and/or remain "on call" during their meal and rest periods, the employees have not been "relieve[d] … of all work-related duties and employer control." *Augustus*, *supra*, 2 Cal.5th at 270.

Such a meal or rest period is not "off duty" and therefore is "impermissible." *Ibid*.

83.    The Supreme Court's decision in *Augustus* is just the latest in a series of meal and rest break cases that have affirmed California's broad, protective standard for employees.[1]

84.    Moreover, as the mere existence of a facially lawful meal and rest break policy is unavailing if there are practical constraints and pressures on employees to perform their duties in ways that omit breaks. See *Brinker*, *supra*, 53 Cal.4th at 1040.

85.    Yet Defendants did and do not provide Plaintiff and members of the Classes with meal periods during which they are completely relieved of duty for at least thirty (30) minutes by the fifth hour of work and again by the tenth hour of work.

86.    Rather, Plaintiff and members of the Classes' meal periods were almost always short due to the ten-minute walks to and from the tent where meal breaks were typically taken;

87.    In addition, Plaintiff alleges that meal periods to the class were typically provided late.

88.    Thus, Defendants has failed to perform its obligations to provide Plaintiff and the members of the Plaintiff Class with off-duty meal periods by the end of the fifth hour of work. Defendants has also failed to pay Plaintiff and the members of the Plaintiff Class one (1) hour of pay at the regular rate for each off-duty meal period that they have been denied.

89.    Defendants knew or should have known that as a result of its policies and/or practices, that Plaintiff and members of the Classes were not actually relieved of all duties to take timely, uninterrupted meal periods. Defendants further knew or should have known that it did not pay Plaintiff and members of the Classes all meal period premiums when meal periods were late. Furthermore, Defendants have engaged in a company-wide practice and/or policy of not paying meal period premiums owed when compliant meal periods are not provided. Because of this practice and/or policy, Plaintiff and members of the Classes have not received all premium pay for missed, interrupted, or late meal periods. Accordingly, Defendants failed to provide all meal periods in violation of Labor

---

[1] *See, e.g.*, *Brinker Rest. Corp. v. Superior Court* (2012) 53 Cal.4th 1004; *Lubin v. Wackenhut Corp.* (2016) 5 Cal.App.5th 926, *rehg. denied* (Dec. 14, 2016); *Faulkinbury v. Boyd & Assocs., Inc.* (2013) 216 Cal.App.4th 220; *Berlanga v. Equilon Enterprises LLC* (N.D.Cal., Aug. 31, 2017, No. 17-CV-00282-MMC) 2017 WL 3782245 at *3 (a policy requiring employees to "remain in contact with supervisors and other employees working in their units throughout their shifts… would appear to be unlawful under [*Augustus*.]")

1  Code sections 226.7, 512(a), 516, and 1198.

2     90. Plaintiff and members of the Classes are entitled to civil penalties, attorney's fees, costs,

3  and interest thereon.

**THIRD CAUSE OF ACTION**

**Non-Compliant Rest Breaks**

**(By Plaintiff and Members of the Putative Class Against Defendants)**

7     91. Plaintiff hereby incorporates by reference each and every one of the allegations

8  contained in the preceding paragraphs as if the same were fully set forth herein.

9     92. Labor Code sections 226.7, 516, and 1198, and the applicable IWC wage order

10 require employers to provide rest periods and to pay an employee one (1) additional hour of pay at the

11 employee's regular rate for each work day that a meal or rest period is not provided. Labor Code

12 section 226.7 provides that no employer shall require an employee to work during any rest period

13 mandated by an applicable order of the IWC. The applicable IWC wage order provides that "[e]very

14 employer shall authorize and permit all employees to take rest periods, which insofar as practicable

15 shall be in the middle of each work period" and that the "rest period time shall be based on the total

16 hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction

17 thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

18    93. Plaintiff is informed and believes, and thereon alleges, that Plaintiff and Class

19 Members were entitled to a paid rest period of not less than ten (10) minutes without duty for each

20 and every four (4) hours or major fraction thereof worked during the workday.

21    94. Nevertheless, Plaintiff is informed and believes, and thereon alleges, that Defendants

22 routinely failed to provide Plaintiff and the members of the Classes with such paid rest periods without

23 duty, notwithstanding the fact that Plaintiff and the members of the Classes had not waived their right

24 to the same. Thus, Defendants failed to provide Plaintiff and Class Members with rest periods required

25 by Labor Code sections 226.7, 512, and 516, the applicable IWC wage order section 11 and

26 categorically failed to pay any and all rest period wages due.

27    95. Plaintiff and Class Members seek damages pursuant to Labor section 226.7(b) and

28 the applicable IWC wage order section 11(D), in the amount of one additional hour of pay at the

1   regular rate for each work day that the rest period is/was not provided or provided late to Plaintiff and

2   any member of the Classes, the cumulative sum of which is to be determined at trial.

3       96.    Therefore, Plaintiff and members of the Plaintiff Class are entitled to compensation for

4   Defendants' failure to provide rest periods, plus interest, attorneys' fees, expenses, and costs of suit

5   pursuant to Labor Code section 226.7(b) and the applicable wage order.

6                              **FOURTH CAUSE OF ACTION**

7                          **Failure to Reimburse Business Expenses**

8              **(By Plaintiff and Members of the Putative Class Against All Defendants)**

9       97.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth

10  herein.

11      98.    Labor Code section 2802 requires employers to pay for all necessary expenditures and

12  losses incurred by the employee in the performance of his or her job. The purpose of Labor Code

13  section 2802 is to prevent employers from passing off their cost of doing business and operating

14  expenses on to their employees. *Cochran v. Schwan's Home Service, Inc.* (2014) 228 Cal.App.4th

15  1137, 1144.

16      99.    The applicable IWC wage order provides that: "[w]hen tools or equipment are required

17  by the employer or are necessary to the performance of a job, such tools and equipment shall be

18  provided and maintained by the employer, except that an employee whose wages are at least two (2)

19  times the minimum wage provided herein may be required to provide and maintain hand tools and

20  equipment customarily required by the trade or craft."

21      100.   During the relevant time period, Defendants had a company-wide policy whereby

22  management would require Plaintiff and the Plaintiff Class to drive long distances. Defendants failed

23  to reimburse them for these costs.

24      101.   Thus, Defendants had, and continues to have, a company-wide policy and/or practice

25  of not reimbursing employees for expenses necessarily incurred in violation of Labor Code section

26  2802.

27      102.   Plaintiff and members of the Classes are entitled to recover civil penalties, attorney's

28  fees, costs, and interest thereon.

CLASS ACTION COMPLAINT

1   ///

2   ///

3                    **FIFTH CAUSE OF ACTION**

4         **Failure to Furnish Accurate Itemized Wage Statements and**

5                   **Failure to Maintain Accurate Records**

6         **(By Plaintiff and Members of the Putative Class Against All Defendants)**

7         103.    Plaintiff hereby incorporates by reference each and every one of the allegations

8   contained in the preceding paragraphs as if the same were fully set forth herein.

9         104.    Labor Code section 226(a) and the applicable IWC wage order requires employers to

10  furnish each employee with a statement itemizing, among other things, the total hours worked by the

11  employee, on a semi-monthly basis or at the time of each payment of wages.

12        105.    Labor Code section 226(e) provides that if an employer fails to comply with providing

13  an employee with properly itemized wage statements as set forth in section 226(a), then the employee

14  is entitled to recover the greater of all actual damages or $50 for the initial pay period in which a

15  violation occurs and $100 per employee for each violation in a subsequent pay period, not to exceed

16  $4,000. Further, Labor Code section 226.3 provides that any employer who violates section 226(a)

17  shall be subject to a civil penalty in the amount of $250 per employee per violation in an initial citation

18  and $1,000 per employee for each violation in a subsequent citation, for which the employer fails to

19  provide the employee a wage statement or fails to keep the required records pursuant to section 226(a).

20        106.    Defendants knowingly and intentionally failed to furnish Plaintiff and the members of

21  the Classes with timely, itemized statements in compliance with Labor Code section 226(a) and the

22  applicable IWC Wage order. This is a result of failing to pay Plaintiff and members of the Classes all

23  wages, and meal break premiums, and supplemental sick pay leave.

24        107.    Plaintiff is informed and believes, and thereon alleges, that Defendants knowingly and

25  intentionally failed to furnish Plaintiff and members of the Classes with timely, itemized statements

26  showing (a) total hours, (b) gross wages earned, (c) all deductions, and/or (d) all applicable hourly

27  rates in effect during each respective pay period and the corresponding number of hours worked at

28  each hourly rate by each respective individual.

108.    Plaintiff is informed and believes, and thereon alleges, that Defendants did not maintain accurate business records pertaining to the total hours worked for Defendants by Plaintiff and the members of the Classes as required under Labor Code section 1174.5. This is a result of missing hours worked, overtime and missed meal break and rest break premiums.

109.    As a result of not having kept accurate records, Plaintiff and the Class Members suffered injuries in the form of confusion over whether they received all wages owed to them, and difficulty and expense in reconstructing pay records in addition to other injuries which may come to light during the discovery process.

110.    Labor Code section 1198 provides that the maximum hours of work and the standard conditions of labor shall be those fixed by the Labor Commissioner and as set forth in the applicable IWC wage order. Section 1198 further provides that "[t]he employment of any employees for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Pursuant to the applicable IWC Wage order, employers are required to keep accurate time records showing when the employee begins and ends each work period and meal period.

111.    During the relevant time period, Defendants failed, on a company-wide basis, to keep accurate records of work times, meal period start and stop times, meal and rest break premium wages, and accrued supplemental sick pay for Plaintiff and members of the Classes, in violation of Labor Code section 1198.

112.    Plaintiff and the members of the Classes herein seek damages and penalties pursuant to Labor Code section 226(e) for Defendants' violations of Labor Code section 226(a).

113.    Plaintiff and Class Members also seek preliminary and permanent injunctive relief and an award of reasonable attorneys' fees and costs pursuant to Labor Code section 226(h).

## SIXTH CAUSE OF ACTION

### Failure to Provide COVID-19 Supplemental Sick Pay

### (By Plaintiff and Members of the Putative Class Against All Defendants)

114.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

115.    California Labor Code sections 248.6 and 248.7 required Defendants to provide

1   California Supplemental Sick Paid Leave ("SSPL") through December 31, 2022.

2   116.   Pursuant to subdivision (i) of Section 246 as it relates to this section, COVID-19

3   supplemental paid sick leave must be set forth separately from paid sick days. Defendants failed to

4   provide Plaintiff and the Plaintiff Class with written notice that sets forth the amount of COVID-19

5   supplemental paid sick leave that they had used or were entitled on wage statements. Specifically, an

6   employer is required to list hours on wage statements used if an employee has not used any COVID-

7   19 supplemental paid sick leave.

8   117.   Plaintiff and the Plaintiff class were entitled access to this supplemental paid leave and

9   whether any had been utilized if they experience a qualifying need for leave.   However, Defendants

10  failed to provide Supplemental COVID-19 Sick pay or properly account for it on their wage statements

11  as mandated by California law.

12  118.   Defendants' unlawful acts deprived Plaintiff and the Class of all wages. Plaintiff seeks

13  to represent himself and the Class to recover supplemental COVID-19 sick pay in amounts to be

14  determined at trial, and Plaintiff and the class are entitled to recover these amounts with interest,

15  attorneys' fees, and costs.

16  **SEVENTH CAUSE OF ACTION**

17  **Failure To Pay Accrued Vacation Wages**

18  **In Violation Of Cal. Labor Code § 227.3**

19  **(By Plaintiff And The Members Of The Plaintiff Class Against Defendants)**

20  119.   Plaintiff hereby re-alleges and incorporates by reference as though set fully forth herein,

21  the allegations contained above.

22  120.   California Labor Code § 227.3 sets forth requirements pertaining to vacation pay. The

23  provision states the following: "whenever a contract of employment or employer policy provides for

24  paid vacations, and an employee is terminated without having taken off his vested vacation time, all

25  vested vacation shall be paid to him as wages at his final rate in accordance with such contract of

26  employment or employer policy respecting eligibility or time served; provided, however, that an

27  employment contract or employer policy shall not provide for forfeiture of vested vacation time upon

28  termination."

CLASS ACTION COMPLAINT

121.   As a matter of uniform corporate policy, procedure and practice, Defendants violated California Labor Code § 227.3 by failing to pay Plaintiff and members of the Plaintiff Class all vested vacation wages at the end of their employment.

122.   By way of example, Plaintiff had accrued vacation pay when he was terminated but he was not paid the correct amount of vacation pay in his final check.

123.   California Labor Code § 227.3, prohibits employers from forfeiting payment of the vested vacation wages of their employees.

124.   As a direct and proximate result of the acts and/or omissions of Defendants, Plaintiff and the members of the Plaintiff Class have been deprived of accrued vacation wages due in amounts to be determined at trial.

125.   Wherefore, Plaintiff and the class are entitled to recover these amounts with interest, attorneys' fees, and costs.

## EIGHTH CAUSE OF ACTION

### Waiting Time Penalties

**(By Plaintiff and Members of the Terminated Sub Class Against All Defendants)**

126.   Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

127.   At all times, relevant herein, Defendants were required to pay their employees all wages owed in a timely fashion during and at the end of their employment, pursuant to Labor Code section 201-203.

128.   As a pattern and practice, Defendants regularly failed to pay Plaintiff and the members of the Terminated Sub Class their final wages pursuant to Labor Code sections 201-203, and accordingly owe waiting time penalties pursuant to Labor Code section 203.

129.   Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her

wages at the time of quitting.

130.    On information and belief, Defendants has a company-wide practice or policy of paying departing employees their final wages late, instead of adhering to the time requirements set forth in Labor Code sections 201 and 202.

131.    Specifically, Defendants willfully failed to pay Plaintiff and members of the Terminated Sub Class the earned and unpaid wages set forth above, including but not limited to, overtime wages, minimum wages, and/or meal period premiums, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

132.    Plaintiff and members of the Terminated Sub Class are entitled to recover civil penalties, attorney's fees, costs, and interest thereon, pursuant to Labor Code section 256.

**NINTH CAUSE OF ACTION**

**Violation of California**

**Business and Professions Code Section 17200 et seq.**

**(By Plaintiff and the Members of the Putative Class Against All Defendants)**

133.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

134.    Business and Professions Code section 17200 defines unfair competition to include, "unlawful, unfair or fraudulent business practices."

135.    Plaintiff and all proposed Class Members are "persons within the meaning of Business and Professions Code section 17204, who have suffered injury in fact and have lost money or property as a result of Defendants' unfair competition.

136.    Defendants have been committing, and continues to commit, acts of unfair competition by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint, including, but not limited to:

a)      violations of Labor Code sections 510, 1198;

b)      violations of Labor Code sections 1182.11-1182.12, 1194, 1194.2, 1197, 1198;

c)      violations of Labor Code sections 226.7, 512, 516, and 1198;

d)      violations of Labor Code sections 226, 1174;

23

1          e)      violations of Labor Code sections 201-203;

2          f)      violations of Labor Code section 227.3;

3          g)      violations of Labor Code section 246, 248.6 and 248.7;

4          h)      violations of Labor Code section 1198;

5          i)      violations of Labor Code section 2802;

6          137.    As a result of its unlawful, unfair, and/or fraudulent business acts and practices,

7    Defendants has reaped and continues to reap unfair benefits and illegal profits at the expense of

8    Plaintiff and proposed Class Members. Defendants' unlawful, unfair, and/or fraudulent conduct has

9    also enabled Defendants to gain an unfair competitive advantage over law-abiding employers and

10   competitors.

11         138.    Business and Professions Code section 17203 provides that the Court may restore to

12   an aggrieved party any money or property acquired by means of the unlawful, unfair, and/or fraudulent

13   business acts or practices.

14         139.    Plaintiff seeks a court order enjoining Defendants from the unlawful, unfair, and/or

15   fraudulent activity alleged herein.

16         140.    Pursuant to Civil Code section 3287(a), Plaintiff and other members of the Plaintiff

17   Class are entitled to recover pre-judgment interest on wages earned, but not paid.

18         141.    Plaintiff further seeks an order requiring an audit and accounting of the payroll records

19   to determine the amount of restitution of all unpaid wages owed to himself and members of the

20   proposed Plaintiff Class, according to proof, as well as a determination of the amount of funds to be

21   paid to current and former employees that can be identified and located pursuant to a court order and

22   supervision.

23         142.    Plaintiff seeks restitution for himself and all others similarly situated of these amounts,

24   including all earned and unpaid wages and attorneys' fees and costs pursuant to Code of Civil

25   Procedure section 1021.5.

26                                    **<u>PRAYER FOR RELIEF</u>**

27         WHEREFORE, Plaintiff, and the Class Members pray for judgment as follows:

28         1.      For an order certifying the proposed Plaintiff and Terminated Sub-Class;

2.    For an order that counsel for Plaintiff be appointed class counsel

3.    Certification of this class action on behalf of the proposed Plaintiff and Terminated Sub-Class;

4.    Designation of Plaintiff as the class representative of the Plaintiff and Terminated Sub Class;

5.    For restitution of all monies due to Plaintiff and the members of the Plaintiff Class and disgorgement of all profits from the unlawful business practices of Defendants

6.    Prejudgment and post judgment interest on all sums awarded;

7.    For compensatory damages;

8.    For penalties pursuant to Labor Code sections 200, 226, 226.3, 226.7;

9.    For interest accrued to date;

10.   For costs of suit and expenses incurred herein pursuant to Labor Code sections 226 and 1194;

11.   For reasonable attorneys' fees pursuant to Labor Code section 226 and Code of Civil Procedure section 1021.5, and/or other applicable law; and

12.   A declaratory judgment that Defendants have knowingly and intentionally violated the following provisions of law;

    a.    Labor Code sections 510, 1198 for failing to pay overtime;

    b.    Labor Code sections 1182.11-1182.12, 1194, 1194.2, 1197, 1198 for failing to pay all wages;

    c.    Labor Code sections 226.7, 512, 516, and 1198 for failing to provide compliant meal and rest breaks;

    d.    Labor Code sections 226, 1174 for failing to provide compliant wage statements;

    e.    Labor Code sections 201 and 202 for failing to pay wages at termination;

    f.    Labor Code sections 227.3 failing to provide accrued vacation pay;

    g.    Labor Code sections 246 for failing to provide sick pay at the regular rate;

    h.    Labor Code section 2802 for failing to reimburse business expenses;

25

i. Business & Professions Code sections 17200-08 for violating the provisions set forth herein above.

13. For all such other and further relief that the Court may deem just and proper.

DATED:  May 12, 2023

**BRADLEY/GROMBACHER, LLP**
**MAJARIAN LAW GROUP APC**

By: _____

Marcus Bradley, Esq.
Kiley Grombacher, Esq.
Lirit King, Esq.
Sahag Majarian, Esq.
Garen Majarian, Esq.

Attorneys for Plaintiff and others similarly situated

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands trial of Plaintiff's and the members of the Classes' claims by jury to the extent authorized by law.

DATED:  May 12, 2023

**BRADLEY/GROMBACHER, LLP**
**MAJARIAN LAW GROUP APC**

By: _____

Marcus Bradley, Esq.
Kiley Grombacher, Esq.
Lirit King, Esq.
Sahag Majarian, Esq.
Garen Majarian, Esq.

Attorneys for Plaintiff and other similarly situated

CLASS ACTION COMPLAINT