# EXHIBIT K

**DLA PIPER LLP (US)**
STEVE L. HERNÁNDEZ (SBN 229065)
*steve.hernandez@us.dlapiper.com*
RYAN M. ESTES (SBN 294876)
*ryan.estes@us.dlapiper.com*
JOSE POMPOSO BARAJAS (SBN 321034)
*jose.pomposo@us.dlapiper.com*
2000 Avenue of the Stars, Suite 400
Los Angeles, CA 90067-4704
Tel:   310.595.3000
Fax:   310.595.3300

Attorneys for Defendant
SPECIALTY WELDING AND TURNAROUNDS, LLC

Electronically FILED by
Superior Court of California,
County of Los Angeles
7/07/2023 5:59 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Jackson Aubry, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JOSEPH BELTRAN, individually and on behalf of other individuals similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPECIALTY WELDING AND TURNAROUNDS, LLC, a Louisiana corporation, and DOES 1-10 inclusive,<br><br>Defendants. | CASE NO. 23STCV10757<br><br>[*Assigned for All Purposes to Hon. Stuart M. Rice, Dept. 1*]<br><br>**DEFENDANT SPECIALTY WELDING AND TURNAROUNDS, LLC'S ANSWER TO PLAINTIFF JOSEPH BELTRAN'S CLASS ACTION COMPLAINT**<br><br>Complaint Filed:  May 12, 2023<br>Trial Date:           None set |

Defendant SPECIALTY WELDING AND TURNAROUNDS, LLC ("Defendant") hereby submits its answer to Plaintiff JOSEPH BELTRAN's ("Plaintiff") Class Action Complaint (the "Complaint") as follows (the "Answer"):

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, each and every allegation, statement, matter and each purported cause of action contained in Plaintiff's Complaint. Without limiting the generality of the foregoing, Defendant also denies, generally and specifically, that Plaintiff has been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendant.

## ADDITIONAL DEFENSES

In further answer to the Complaint, Defendant alleges the following additional defenses. Defendant reserves its right to amend its Answer to include defenses that are not known to it at this time. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST DEFENSE

### (Failure to State a Cause of Action)

As to Plaintiff's Complaint, and each cause of action alleged therein, Plaintiff's claims are barred because Plaintiff fails to allege facts sufficient to state a cause of action against Defendant.

## SECOND DEFENSE

### (Laches)

As to Plaintiff's Complaint, and each cause of action therein, Plaintiff's claims are barred by the doctrine of laches because of Plaintiff's undue delay in giving notice of the matters alleged.

## THIRD DEFENSE

### (Waiver)

As to Plaintiff's Complaint, and each cause of action therein, Plaintiff's claims are barred by the doctrine of waiver, as a result of the conduct, representations, and omissions of Plaintiff that, in turn, caused his alleged damages.

/ / /

## FOURTH DEFENSE

### (Lack of Particularity)

Plaintiff has failed to describe the allegedly knowing and intentional conduct described in the Complaint with the requisite particularity.

## FIFTH DEFENSE

### (Res Judicata and/or Collateral Estoppel)

As to Plaintiff's Complaint, and each cause of action therein, Plaintiff's claims are barred by the doctrines of res judicata and or collateral estoppel, as a result of the conduct, representations, and omissions of Plaintiff that, in turn, caused his alleged damages.

## SIXTH DEFENSE

### (*In Pari Delicto*)

As to Plaintiff's Complaint, and each cause of action therein, Plaintiff's claims are barred by the doctrine of *in pari delicto*, as a result of the acts and omissions of Plaintiff that make him equally, if not more, at fault for the alleged damages.

## SEVENTH DEFENSE

### (Unclean Hands)

As to Plaintiff's Complaint, and each cause of action therein, Plaintiff's claims are barred by the doctrine of unclean hands, as a result of the acts and omissions of Plaintiff that were unethical and, in turn, caused his alleged damages.

## EIGHTH DEFENSE

### (Lack of Standing)

As to Plaintiff's Complaint, and each cause of action therein, Plaintiff's claims are barred because Plaintiff lacks standing to assert the claims or the injuries alleged, and/or has not been injured or lost any money or property as a result of Defendant's alleged actions./ / /

/ / /

/ / /

/ / /

/ / /

## NINTH DEFENSE

### (Statute of Limitations)

As to Plaintiff's Complaint, and each cause of action therein, Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to those set forth under California Government Code sections 12960 and 12965(b).

## TENTH DEFENSE

### (No Vicarious Liability)

The Complaint and each of the purported causes of action asserted therein against Defendant are barred, in whole or in part, because Defendant cannot be held vicariously liable for the alleged conduct described therein.

## ELEVENTH DEFENSE

### (Reasonable Care)

The Complaint and each of the purported causes of action asserted therein against Defendant are barred, in whole or in part, because, at all material times, Defendant took reasonable steps to correct and/or prevent any of the harm alleged in the Complaint, and Plaintiff failed to take advantage of the opportunities to avoid harm.

## TWELFTH DEFENSE

### (Consent)

Plaintiff participated in, acquiesced in, consented to and/or caused the actions out of which his purported claims arise and is therefore barred from recovering any or all of his alleged damages, if any, from Defendant.

## THIRTEENTH DEFENSE

### (Failure to Exhaust Internal Complaint Resolution Procedure)

The Complaint and each of the purported causes of action asserted therein against Defendant are barred, in whole or in part, by Plaintiff's failure to exhaust applicable internal complaint resolution procedures.

/ / /

/ / /

## FOURTEENTH DEFENSE

### (Failure to Exhaust Administrative Remedies)

As to Plaintiff's Complaint, and each cause of action therein, Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust applicable administrative remedies, including by failing to send a notice to the Labor and Workforce Development Agency that complies with California Labor Code section 2699.3(a)(1).

## FIFTEENTH DEFENSE

### (Legitimate Business Justification)

Plaintiff's claims are barred, in whole or in part, because Defendant's employment decisions were justified by legal and legitimate business reasons.

## SIXTEENTH DEFENSE

### (Lack of Knowledge)

Plaintiff's Complaint and each of the purported causes of action asserted therein fail, in whole or in part, because Defendant did not know, nor should it have known, of the alleged facts and conduct asserted therein.

## SEVENTEENTH DEFENSE

### (Good-Faith Belief)

The Complaint and each of the purported causes of action asserted therein against Defendant are barred, in whole or in part, because, at all times and places mentioned, Defendant acted without malice and with a good-faith belief in the propriety of its conduct.

## EIGHTEENTH DEFENSE

### (Justification and Privilege)

As to Plaintiff's Complaint, and each cause of action therein, and without admitting that Defendant engaged in the conduct alleged in this lawsuit, Defendant contends that its conduct was at all times justified, privileged, and undertaken in good faith, with the absence of malicious intent, and without any intent to injure Plaintiff.

/ / /

/ / /

### NINETEENTH DEFENSE

**(Willful Misconduct)**

As to Plaintiff's Complaint, and each cause of action therein, Plaintiff engaged in willful misconduct, which precludes Plaintiff's maintenance of this action and was a proximate cause of the claimed damages, if any damages were sustained.

### TWENTIETH DEFENSE

**(Proximate Cause)**

As to Plaintiff's Complaint, and each cause of action therein, even if the injuries and/or damages alleged occurred, such injuries were proximately caused by and/or were contributed to by Plaintiff's own acts or failures to act.

### TWENTY-FIRST DEFENSE

**(Comparative Fault)**

Plaintiff, and persons and entities other than Defendant, have acted in bad faith with respect to the matters alleged in the Complaint or are otherwise at fault. By reason of Plaintiff's bad faith and/or comparative fault, Plaintiff's right of recovery from Defendant, if any, should be reduced by the amount that the negligence, bad faith and fault of person and entities other than Defendant including Plaintiff, contributed to any damages.

### TWENTY-SECOND DEFENSE

**(Unauthorized Actions of Third Parties)**

As to Plaintiff's Complaint, and each cause of action therein, without admitting that any agent or employee of Defendant engaged in such conduct, if any agent or employee of Defendant engaged in any alleged conduct that can be construed as tortious or otherwise illegal conduct, unlawful discrimination, or retaliation, such conduct was unauthorized and outside the scope of such individual's agency or employment. Therefore, any damages awarded to Plaintiff should be diminished in proportion to that amount of fault attributed to said third parties, and a judgment and declaration of partial indemnification and contribution against all other parties should be made in accordance with the apportionment of fault.

/ / /

## TWENTY-THIRD DEFENSE

### (Compliance with Statutes, Regulations, and Industry Standards)

To the extent Defendant engaged in any of the activities alleged in the Complaint, which it denies, those activities were in compliance with, and pursuant to, statutes, government regulations, and industry standards in existence at the time of the activities.

## TWENTY-FOURTH DEFENSE

### (After-Acquired Evidence)

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by the doctrine of after-acquired evidence.

## TWENTY-FIFTH DEFENSE

### (Avoidable Consequences)

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by the doctrine of avoidable consequences because Plaintiff failed to avail himself of available Company internal procedures to make a complaint.

## TWENTY-SIXTH DEFENSE

### (Accurate Itemized Wage Statements Provided)

The Complaint and each of the purported causes of action asserted therein against Defendant are barred, in whole or in part, because Defendant provided Plaintiff and all alleged aggrieved employees with accurate itemized wage statements in accordance with California Labor Code section 226.

## TWENTY-SEVENTH DEFENSE

### (No Injury Due to Wage Statements)

The Complaint and each of the purported causes of action asserted therein against Defendant are barred, in whole or in part, because Defendant and members of the proposed class have not suffered any injury due to alleged improper itemized wage statements pursuant to California Labor Code section 226. Defendant provided Plaintiff and all members of the putative class with itemized wage statements in accordance with California Labor Code section 226.

/ / /

**TWENTY-EIGHTH DEFENSE**

**(California Labor Code § 203)**

The Complaint and each of the purported causes of action asserted therein against Defendant are barred, in whole or in part, because Defendant tendered full payment, including any potential penalty allegedly accrued under the California Labor Code, at the time of termination of Plaintiff and each putative class member consistent with Labor Code section 203.

**TWENTY-NINTH DEFENSE**

**(No Willful Failure to Pay Wages)**

The Complaint and each of the purported causes of action asserted therein against Defendant are barred, in whole or in part, because Defendant did not willfully fail to pay any wages it may have been owed to Plaintiff or others, and/or because there exists a good faith dispute as to any amounts owing.

**THIRTIETH DEFENSE**

**(Mitigation)**

As to Plaintiff's Complaint, and each cause of action therein, Plaintiff's claims are barred on the ground that by exercise of reasonable efforts, Plaintiff could have mitigated the amount of damages he allegedly suffered, but Plaintiff failed and/or refused and continues to fail and/or refuse, to exercise reasonable efforts to mitigate his damages.

**THIRTY-FIRST DEFENSE**

**(Safe Harbor)**

The Complaint and each of the purported causes of action asserted therein against Defendant are barred, in whole or in part, because the alleged conduct described in the Complaint is protected by statutory safe-harbor provisions.

**THIRTY-SECOND DEFENSE**

**(California Labor Code § 2856)**

The Complaint and each of the purported causes of action asserted therein against Defendant are barred, in whole or in part, because Plaintiff failed to substantially comply with all of the direction of his employer concerning the events at issue.

**THIRTY-THIRD DEFENSE**

**(Payment)**

The Complaint and each of the purported causes of action asserted therein against Defendant are barred, in whole or in part, because Plaintiff has been paid all wages due and owed.

**THIRTY-FOURTH DEFENSE**

**(Offset)**

As to Plaintiff's Complaint, each cause of action therein, and the damages sought thereunder, Defendant is entitled to an offset under the doctrine prohibiting double recovery of economic damages, including with respect to Code of Civil Procedure sections 1431 *et seq.*, and to the extent Plaintiff received offsetting funds by other means, including without limitation through insurance or benefits.

**THIRTY-FIFTH DEFENSE**

**(No Losses/Unjust Enrichment)**

The Complaint and each of the purported causes of action asserted therein against Defendant are barred, in whole or in part, because Plaintiff has not suffered any losses and Defendant has not been unjustly enriched as a result of any action or inaction of Defendant or its agents. Plaintiff and the persons on whose behalf Plaintiff purports to sue are therefore not entitled to any disgorgement or restitution.

**THIRTY-SIXTH DEFENSE**

**(Expenses Not Job Related)**

The Complaint and each of the purported causes of action asserted therein against Defendant are barred because such expenses for which Plaintiff and any putative class members seek reimbursement were not incurred in direct consequence of the discharge of their duties and/or were not reasonable and/or unnecessary.

**THIRTY-SEVENTH DEFENSE**

**(Constitutional Bar of Punitive Damages)**

As to Plaintiff's Complaint, each cause of action therein, and the damages sought thereunder, Plaintiff's request for punitive damages in his Complaint violates the rights of Defendant to

procedural and substantive due process under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and under the Constitution of the State of California.

### THIRTY-EIGHTH DEFENSE
**(Statutory Bar of Punitive Damages)**

As to Plaintiff's Complaint, each cause of action therein, and the damages sought thereunder, Plaintiff fails to and cannot allege facts sufficient to allow recovery of punitive or exemplary damages from Defendant under Code of Civil Procedure section 3294, including that Defendant's alleged wrongful conduct for which damages are sought were not oppressive, fraudulent, or malicious, and/or Defendant had no knowledge or conscious disregard and did not authorize or ratify any act of oppression, fraud, or malice by any officer, director, or managing agent of Defendant.

### THIRTY-NINTH DEFENSE
**(Intervening and/or Superseding Causes)**

If, in fact, Plaintiff was damaged in any manner whatsoever, such damage was the direct and legal result of intervening and/or superseding actions on the part of persons and/or entities other than Defendant. Defendant alleges that such intervening and/or superseding actions of such other persons and/or entities bar recovery by Plaintiff against Defendant.

### FORTIETH DEFENSE
**(Release)**

The Complaint and each of the purported causes of action asserted therein against Defendant are barred, in whole or in part, because Plaintiff and/or members of the putative classes he seeks to represent have released any claims they may have had against Defendant.

### FORTY-FIRST DEFENSE
**(Right to Raise Other Defenses)**

Defendant currently does not have sufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. To the extent not set forth herein, Defendant reserves the right to assert additional defenses that become available or apparent during discovery and to amend its Answer accordingly.

/ / /

# **PRAYER**

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1. That Plaintiff takes nothing by his Complaint;

2. That judgment be entered in favor of Defendant and against Plaintiff, on all causes of action;

3. That Defendant be awarded reasonable attorneys' fees according to proof;

4. That Defendant be awarded the costs of suit herein incurred; and

5. That Defendant be awarded such other relief as this Court deems proper.

Dated: July 7, 2023                    **DLA PIPER LLP (US)**

By: _____
STEVE L. HERNÁNDEZ
RYAN M. ESTES
JOSE POMPOSO BARAJAS

Attorneys for Defendant
SPECIALTY WELDING AND TURNAROUNDS, LLC

# PROOF OF SERVICE

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is: DLA Piper LLP (US), 4365 Executive Drive, Suite 1100, San Diego, CA 92121. On **July 7, 2023**, I served the foregoing document(s) described as:

**DEFENDANT SPECIALTY WELDING AND TURNAROUNDS, LLC'S ANSWER TO PLAINTIFF JOSEPH BELTRAN'S CLASS ACTION COMPLAINT**

on the interested party(ies) listed below in this action by placing a true copy thereof as follows:

☐ **(BY E-MAIL)** I transmitted the document listed above via e-mail to the person(s) at the email address(es) set forth below.

☒ **(BY ELECTRONIC SERVICE)** I electronically filed the aforementioned document(s) with the clerk of this court, through a court-approved E-File Service Provider (EFSP). The EFSP will send email notification of the e-filing to the party(ies) and their counsel of record at the email address(es) identified below.

☐ **(BY U.S. MAIL)** The envelope was mailed with postage thereon fully prepaid addressed to the person(s) listed below. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY OVERNIGHT MAIL)** I am readily familiar with the firm's practice of collection and processing correspondence for mailing with an overnight courier service addressed to the person(s) listed below. Under that practice it would be deposited with said overnight courier service on that same day with delivery charges thereon billed to sender's account in the ordinary course of business. The envelope was sealed and placed for collection and mailing on that date following ordinary business practices.

☐ **(BY HAND DELIVERY**) I delivered the within document(s) to [ATTORNEY SERVICE] for delivery to the below address(es) with instructions that such envelope be delivered personally on the below date to the party(ies) set forth below.

| | |
|---|---|
| BRADLEY/GROMBACHER, LLP<br>Marcus J. Bradley<br>*mbradley@bradleygrombacher.com*<br>Kiley L. Grombacher<br>*kgrombacher@bradleygrombacher.com*<br>31365 Oak Crest Drive Suite 240<br>Westlake Village, CA 91361<br>Tel: 805.270.7100 \| Fax: 805.270.7589<br><br>MAJARIAN LAW GROUP APC<br>Garen Majarian<br>*garen@majarianlawgroup.com*<br>Sahag Majarian, II<br>*sahagii@aol.com*<br>18250 Ventura Boulevard<br>Tarzana, CA 91356<br>Tel: 818.263.7343 \| Fax: 818.609.0892 | Attorneys for Plaintiff<br>JOSEPH BELTRAN |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 7, 2023, at San Diego, California.

_____
Eloy Rodriguez